# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued November 8, 2012   Decided December 14, 2012

No. 11-5283

MALLA POLLACK,
APPELLANT

v.

THOMAS F. HOGAN, DIRECTOR OF THE ADMINISTRATIVE
OFFICE OF THE UNITED STATES COURTS - IN HIS OFFICIAL
CAPACITY, ET AL.,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-00866)

---

*Malla Pollack*, pro se, argued the cause and filed the briefs for appellant.

*John G. Interrante*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Jonathan R. Hammer*, Special Assistant U.S. Attorney, entered an appearance.

Before: HENDERSON and GARLAND, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM:   Malla Pollack, a lawyer and resident of Kentucky, would like to work for the Administrative Office of the United States Courts in Washington, D.C.   The Administrative Office rejected her application because she did not live or work in the Washington metropolitan area. Thereafter, she brought suit against officials of the Administrative Office, solely in their official capacities, alleging that they rejected her job application in violation of her constitutional rights.   The district court dismissed Pollack's complaint, concluding that it lacked jurisdiction because the Administrative Office has sovereign immunity from suit. We reverse.

I

The facts of the case are undisputed.  In April 2009, Pollack applied online for a job as an Attorney-Advisor at the Administrative Office (AO), the central administrative support organization for the federal judiciary.  The job announcement stated that only applicants living or working in the Washington metropolitan area would be considered.  Pollack is a resident of Kentucky who was not working in the Washington area.  In January 2010, she received an automated rejection notice stating that her application had been turned down because she did not live or work in the specified geographic area.  In response, Pollack raised informal objections with AO staff, arguing that the geographic limitation was unconstitutional.  The AO's Human Resources Department responded with a letter and legal memorandum disagreeing with Pollack's constitutional argument.  The letter stated that her only means of redress was to file a complaint with the AO's Fair Employment Practices Staff alleging discrimination on the basis of race, color, religion, sex, national origin, age, disability, or marital status.

But Pollack did not believe that the AO had discriminated against her on the basis of race, color, religion, sex, national origin, age, disability, or marital status.  Instead, she contended that the geographic limitation on applicants for employment violated her "fundamental constitutional right to travel," and she sent the Fair Employment Practices Staff a letter outlining that contention.  The Staff replied that it could not accept her complaint because it did "not raise an issue that is covered by the AO's anti-discrimination policy."

Having thus exhausted her administrative remedies, Pollack filed the instant suit in district court.  Her complaint alleged that AO officials had rejected her application in violation of the Constitution, and she requested injunctive and declaratory (but not monetary) relief against those individuals in their official capacities. Specifically, she sought an injunction prohibiting the defendants from discriminating against job applicants on the basis of their place of residence within the United States, and ordering the defendants to consider her past and future applications without regard to her place of residence.  The defendants moved to dismiss the suit both for lack of subject matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), and for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6).  The district court granted the motion on both grounds.  The sole basis for its jurisdictional ruling was that the suit was barred by sovereign immunity.  *Pollack v. Duff*, 806 F. Supp. 2d 99, 105 (D.D.C. 2011).

II

As a general rule, the United States may not be sued without its consent.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Pollack argues that her suit is not barred by sovereign immunity, even in the absence of a waiver indicating consent, under the so-called *Larson-Dugan* exception to the general rule.

4

Under this exception, "suits for specific relief against officers of the sovereign" allegedly acting "beyond statutory authority or unconstitutionally" are not barred by sovereign immunity. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689, 693 (1949); *see Dugan v. Rank*, 372 U.S. 609, 621-22 (1963). The exception is based on the principle that such *ultra vires* action by a federal officer "is beyond the officer's powers and is, therefore, not the conduct of the sovereign." *Larson*, 337 U.S. at 690.

Pollack's claim falls within the *Larson-Dugan* exception. Her sole allegation is that the named officers acted unconstitutionally, and she requests only injunctive and declaratory relief. Although the district court suggested and the defendants argue that the *Larson-Dugan* exception is limited to cases alleging that defendants have acted beyond *statutory* authority, *Pollack*, 806 F. Supp. 2d at 104, there is no basis for such a limitation in the logic of the "*ultra vires*" rationale for the exception. Moreover, such a limitation contradicts *Larson*'s own language, which excepts suits alleging "that the agent acted beyond statutory authority *or unconstitutionally*." 337 U.S. at 693 (emphasis added). It is also contrary to the Supreme Court's subsequent decision in *Dugan*, which noted "recognized exceptions" to the general rule of federal sovereign immunity, for suits alleging that: "(1) action[s] by officers [are] beyond their statutory powers *and* (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." 372 U.S. at 621-22 (emphasis added). And it is likewise contrary to this Circuit's reading of the *Larson-Dugan* exception. *See Swan v. Clinton*, 100 F.3d 973, 981 (D.C. Cir. 1996) (explaining that the exception "holds that sovereign immunity does not apply as a bar to suits alleging that an officer's actions were unconstitutional *or* beyond statutory authority" (emphasis added)); *Clark v. Library of Cong.*, 750 F.2d 89, 102 (D.C. Cir.

1984) (noting that it "is well-established that sovereign immunity does not bar suits for specific relief against government officials where the challenged actions of the officials are alleged to be unconstitutional *or* beyond statutory authority" (emphasis added)).

The defendants further urge that there is another limitation on the *Larson-Dugan* exception. Seizing upon the *Larson* Court's statement that in "a suit against an agency of the sovereign" it is "necessary that the plaintiff claim an invasion of his recognized legal rights," *Larson*, 337 U.S. at 693, the defendants maintain that "sovereign immunity bars" Pollack's claim because she does not have a "viable constitutional right-to-travel claim." AO Br. 31. But this argument fails to consider the Court's statement in its full context and, as *Larson* itself explained, "confuses the doctrine of sovereign immunity with the requirement that a plaintiff state a cause of action." *Larson*, 337 U.S. at 692-93. As the Court stated in full:

> It is a prerequisite to the maintenance of any action for specific relief that the plaintiff claim an invasion of his legal rights, either past or threatened. . . . If he does not, he has not stated a cause of action. This is true whether the conduct complained of is sovereign or individual. In a suit against an agency of the sovereign, *as in any other suit*, it is therefore necessary that the plaintiff claim an invasion of his recognized legal rights. If he does not do so, the suit must fail even if he alleges that the agent acted beyond statutory authority or unconstitutionally.

*Id.* at 693 (emphasis added). Here, the plaintiff has *claimed* an invasion of her legal rights -- specifically, of an alleged constitutional right to travel that is enforceable against the federal government. Whether there is such a right, and whether

any such right is applicable to Pollack's case, goes to the merits of her claim and not to the AO's sovereign immunity.[*]

The district court's conclusion that it lacked subject matter jurisdiction over Pollack's complaint rested solely on the ground that the defendants have sovereign immunity. On appeal, the defendants argue that, if we reject their sovereign immunity argument, we should nonetheless find judicial review unavailable on the alternative ground that the Administrative Office of the United States Courts Personnel Act of 1990, Pub. L. No. 101-474, 104 Stat. 1097 (1990) (codified at 28 U.S.C. § 602 note), evidences a clear congressional intention to preclude judicial review of constitutional claims relating to personnel actions by the AO. And if all of their jurisdictional arguments fail, the defendants urge us to reach the merits and determine that Pollack has no constitutional claim against the AO. Pollack would like us to reach the merits as well, although she, unsurprisingly, urges us to reach the opposite conclusion.

The district court did not address the defendants' alternative jurisdictional argument, and we will follow our usual (although hardly universal) practice of declining to address arguments

---

[*]*Larson* did note that there may be some intertwining of the merits and jurisdictional inquiries in cases raising statutory claims because, although a claim that an officer has exceeded his "delegated power" is not barred by sovereign immunity, a "claim of error in the exercise of that power" is barred. 337 U.S. at 690. But Pollack does not assert a statutory claim against the AO; her only claim is constitutional. *Larson* also noted that "there can be no question that dismissal of a suit in which 'the alleged claim under the Constitution or federal statutes clearly appears to be . . . made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous' would be" warranted as a "dismissal for lack of jurisdiction." *Id.* at 690 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Pollack's claim does not fall within those categories.

unaddressed by the district court. With respect to the defendants' motion to dismiss for failure to state a claim, the district court's opinion contained a single sentence stating that Pollack had "failed to plead sufficient factual matter that would 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Pollack*, 806 F. Supp. 2d at 105 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court did not explain why that was so, and as a consequence we think it inappropriate to address that ground for its judgment. Accordingly, we will leave all of these arguments for consideration on remand.

## III

For the foregoing reasons, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

*So ordered*.