# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued December 13, 2023        Decided May 28, 2024

No. 22-5290

ROBERT SCHILLING,
APPELLANT

v.

UNITED STATES HOUSE OF REPRESENTATIVES, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-00162)

———

*Matthew D. Hardin* argued the cause and filed the briefs for appellant. *Christopher C. Horner* entered an appearance.

*Bradley Craigmyle*, Associate General Counsel, U.S. House of Representatives, argued the cause for appellees. With him on the brief were *Matthew B. Berry*, General Counsel, *Todd B. Tatelman*, Deputy General Counsel, and *Rachel A. Jankowski*, Assistant General Counsel.

Before: PILLARD, WILKINS and CHILDS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* CHILDS.

2

CHILDS, *Circuit Judge*: In the federal courts, "the common law bestows upon the public a right of access to public records and documents." *Wash. Legal Found. v. U.S. Sent'g Comm'n* ("*WLF II*"), 89 F.3d 897, 902 (D.C. Cir. 1996). This case arises from journalist Robert Schilling's efforts to obtain, pursuant to the common law right of access, certain records related to the Committee on Oversight and Reform of the United States House of Representatives' ("the Committee") use of outside consultants as part of a congressional investigation. Schilling filed a petition in the district court, seeking to compel the release of the requested records under the common law right of access. The district court dismissed his amended petition as jurisdictionally barred by the Constitution's Speech or Debate Clause. He now appeals.

We do not reach the question of whether the Speech or Debate Clause bars Schilling's claim, however, because we affirm the district court's dismissal on sovereign immunity grounds. As we explain in *Leopold v. Manger*, No. 22-5304, slip op. at 9 (D.C. Cir. May 28, 2024), the *Larson-Dugan* exception to sovereign immunity is triggered when a defendant is alleged to have violated their duty under the common law right of access. *See WLF II*, 89 F.3d at 901–02. But here, Schilling's claim lacks merit because the documents he seeks are not "public records." Thus, there is no duty imposed on Congress to grant Schilling's request, the *Larson-Dugan* exception does not apply, and Schilling's claim is barred by sovereign immunity.

## I. FACTS AND PROCEDURAL HISTORY

Appellant Robert Schilling is the host of "The Schilling Show" radio program and podcast, and he is the founder and editor of a "news, analysis, and commentary website, 'SchillingShow.com.'" First Amended Petition for a Writ of

Mandamus ("Pet.") ¶ 7 (Joint Appendix ("J.A.") 8). In late 2021, Schilling, relying on the common law right of access, sought records related to work performed by external consultants in connection with Committee hearings on climate change. Schilling alleged that the hearings were the "latest in a series of public-private collaborations" to target "political opponents of the climate policy agenda" and that the requested records would show that the Committee used unpaid consulting services to prepare for the hearings, in violation of federal law and the House of Representative ("House") rules. Pet. ¶¶ 19, 52–59, 63 (J.A. 14, 23–25, 27). In particular, Schilling asked the Committee for: 1) emails and messages between two Committee leaders, a staff member, and private individuals whom Schilling believes acted as consultants, 2) emails and messages of individuals who used certain email address domains, and 3) recordings of any meetings including those same parties.

In January 2022, Schilling filed what was styled as a petition for writ of mandamus and declaratory relief against then-Speaker of the House Nancy Pelosi, the Clerk of the House, and the Chief Administrative Officer of the House in the district court. Schilling sought to compel the release of the records under the common law right of access. In May 2022, Schilling filed an amended petition that added the House and the Committee as defendants (collectively, "the House defendants"). He again asserted that the House defendants had violated their obligations under the common law right of access by failing to grant his request and accurately compile or maintain the requested materials. The House defendants moved to dismiss the amended petition, arguing that the district court lacked jurisdiction because sovereign immunity and the Speech or Debate Clause of the Constitution bar any claim of a common law right of access to the Committee's records. The district court granted the House defendants' motion to dismiss,

holding that the Speech or Debate Clause "acts as an absolute jurisdictional bar to suits seeking compelled disclosure of materials related to legislative activity." *Schilling v. Speaker of the U.S. House of Representatives*, 633 F. Supp. 3d 272, 273 (D.D.C. 2022). Schilling timely appealed.

## II. ANALYSIS

We have jurisdiction to review the district court's final order dismissing Schilling's complaint under 28 U.S.C. § 1291. We review the district court's dismissal *de novo*, and we may affirm on the alternate ground of sovereign immunity. *See Rangel v. Boehner*, 785 F.3d 19, 22 (D.C. Cir. 2015).

Absent an applicable exception, claims against the federal government and its actors are jurisdictionally barred by sovereign immunity. Sovereign immunity is derived from the British common law doctrine that the King was infallible. *See* Edwin M. Borchard, *Government Liability in Tort*, 34 Yale L.J. 1, 2, n. 2 (1924). A suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," *Land v. Dollar*, 330 U.S. 731, 738 (1947), or if the effect of the judgment would be to "restrain the Government from acting, or compel it to act." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 704 (1949). Today, the doctrine stands for the proposition that the government cannot be sued without its consent, i.e., without a waiver of immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Typically, a "waiver of the Federal Government's sovereign immunity" is demonstrable through clear statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996). On more rare occasions, however, we reject the assertion of sovereign immunity if a plaintiff brings a suit for "injunctive [or]

declaratory relief" against a federal officer for an *ultra vires* act. *See Pollack v. Hogan*, 703 F.3d 117, 120 (D.C. Cir. 2012). In these circumstances, "there is no sovereign immunity to waive – it never attached in the first place." *Chamber of Com. v. Reich*, 74 F.3d 1322, 1329 (D.C. Cir. 1996); *see also Larson*, 337 U.S. at 689; *Dugan v. Rank*, 372 U.S. 609, 621–22 (1963); *Leopold*, slip op. at 6, 8–9. This exception to sovereign immunity is known as the *Larson-Dugan* exception. *Larson-Dugan* is triggered here because Schilling alleges that by failing to produce the records he requested, the House defendants acted outside of the scope of their duty of disclosure imposed by the common law. *See Leopold*, slip op. at 9.

A viable common law right of access claim must satisfy a two-part test. First, we determine whether the requested document is a "public record." *Wash. Legal Foundation v. U.S. Sent'g Comm'n* ("*WLF I*"), 17 F.3d 1446, 1451 (D.C. Cir. 1994). A public record "is a government document created and kept for the purpose of memorializing or recording an official action, decision, statement, or other matter of legal significance, broadly conceived." *WLF II*, 89 F.3d at 905. If we find that the document qualifies as a public record, then we must "balance the government's interest in keeping the document secret against the public's interest in disclosure." *WLF I*, 17 F.3d at 1451–52. Our Court has recognized that the public's interest "in keeping a watchful eye" is "fundamental to a democratic state." *WLF II*, 89 F.3d at 905 (internal quotation marks omitted).

The district court queried whether the common law right of access "applies to Congress *at all*." *Schilling*, 633 F. Supp. 3d at 284 n.2 (emphasis in the original). Following this Circuit's precedent, we reiterate that this right "extends . . . to the 'public records' of all three branches of government," *Ctr. for Nat'l Sec. Stud. v. Dep't of Just.*, 331 F.3d 918, 936 (D.C.

Cir. 2003) (quoting *WLF II*, 89 F.3d at 903); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978), including the Legislative Branch. *See Leopold*, slip op. at 9–10. However, we need not answer whether the common law right of access applies to the House itself as opposed to merely certain entities within the Legislative Branch (i.e., the U.S. Capitol Police, the Government Accountability Office, the Architect of the Capitol, the Library of Congress, and other entities and offices that support Congress), because we hold on the merits that even if *Larson-Dugan* is satisfied under these circumstances, Schilling's claim fails, as the documents he seeks are not public records.

Schilling requests access to emails and recordings of meetings between Members of Congress, Committee staff, and outside consultants in preparation for a hearing on climate change. As in *WLF II*, these records "were not created and kept for the purpose of memorializing or recording an official action, decision, statement, or other matter of legal significance." 89 F.3d at 906. Rather, the emails and meeting recordings were preparatory materials for a committee hearing and are therefore informal preliminary steps in a congressional investigation, not the recording of an "official … decision." *Id.*

Because the documents are not public records, we need not balance the House defendants' interest in the records' confidentiality against the public's interest in their disclosure. We hold that Schilling has not alleged a viable claim of a common law right of access, so there is no *Larson-Dugan* duty imposed on Congress. The claim is thus barred by sovereign immunity.

\*\*\*\*\*

For the foregoing reasons, we affirm the district court's dismissal of Schilling's petition.

*So ordered.*